912

PENNSYLVANIA R. CO. v. PALMER et al.
THE TOLEDO.
No. 17973.

District Court, E. D. New York.
Dec. 18, 1946.

Burlingham, Veeder, Clark & Hupper, of New York City (George R. Wagner, of New York City, of counsel), for libellant.

Edward R. Brumley, of New York City (Robert Peet, of New York City, of counsel), for respondents.

INCH, District Judge.

This is a suit in the Admiralty. Libellant, owner of the tug Toledo, sues to recover from the respondents damages, alleged to have been sustained by the Toledo, as the result of negligence of those in charge of the Transfer No. 20, owned by the respondents.

That there was a collision between the carfloat on the port side of the Transfer No. 20 and the bow of the Toledo is well established, and that the force of this collision was sufficiently severe to damage the Toledo is likewise plain.

The real issue is, as often times occurs, whether this collision was caused by the negligence of one or the other, the Toledo or the Transfer No. 20, or both. This is a case where I think the findings of fact to be made by the court makes it unnecessary to repeat all such facts in this opinion. Suffice it to say that I think the collision was caused solely by the negligence of those in charge of the Transfer No. 20.

The Toledo is a small tug, approximately 20 feet wide, and had previously pulled in close alongside two mud scows moored to the north side of the open dock and was lying still in the water. There was sufficient room for the Transfer No. 20 and her carfloats, one on the starboard, the other on the port side, to have passed the Toledo safely, had the reasonable care called for by the circumstances with its narrowness of passage been duly observed.

In other words, at this open dock or slip at Greenville, New Jersey, the Toledo had been seeking to leave while the Transfer No. 20 with her carfloats was seeking to enter. It was raining, there was a strong wind from the northeast and it was about the last of the flood tide. It was about 5:30 in the morning of October 26, 1943. Both masters saw each other some time before the collision, and, in my opinion, the Toledo had done the safe thing to get out of the way as near to the north side as possible and stop.

Those in charge of the Transfer No. 20, however, came in proceeding at full speed, and in spite of a belated effort to cut down this speed to half-speed and then for full speed astern, the port carfloat of the Transfer No. 20 struck the Toledo, which was lying still.

I prefer to rely on the testimony of the witnesses introduced by the libellant, and, in my opinion, neither the Toledo nor the Transfer No. 20, just prior to the collision, were on steady courses. Each of them was maneuvering to get into or out of this dock or slip. This therefore was, as Circuit Judge Ward says in his opinion, "a situation * * * of special circumstances, under article 27 of the Inland Regulations [33 U.S.C.A. § 212], which requires each vessel to act prudently". The John Rugge, 2 Cir., 234 F. 861, 862.

Libellant is entitled to a decree.

Submit findings of fact and conclusions of law.